# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN PAUL BELL** | : | **DOCKET NO. 13-cv-2540** |
| **DOC # 209366** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JERRY BRISTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 38] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant Jerry Brister ("Brister") in response to the *pro se* civil rights complaint [docs. 1, 11] brought by plaintiff John Paul Bell ("Bell"). For the following reasons, **IT IS RECOMMENDED** that the Motion [doc. 38] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

Bell complains that, during his incarceration at Allen Correctional Center ("ALC"), he was the victim of two incidents of excessive force by Brister, a guard at that facility. On October 12, 2012, Bell contends, he (Bell) attempted to return to the tool room to retrieve his shirt. Doc. 1, p. 5. Brister then punched him in the left shoulder/chest area while calling him stupid and berating him for forgetting his shirt. *Id.* Bell states that he had injured this shoulder six months earlier, and that the punch from Brister resulted in significant pain and impairment. Doc. 11, pp. 1–2. Bell also alleges that Brister mistreated him during regular searches. Specifically, Bell states that Brister

would strike him in the testicles with a hand-held metal detector while making homosexual remarks. *Id.* at 2–3. Bell does not complain of any physical injury from the metal detector encounters, beyond acute pain. *Id.*

Brister now moves for summary judgment. Doc. 38. Bell opposes the motion and maintains that the motion is premature because discovery in this matter is incomplete.[1] Doc. 45.

## II.
### LAW & ANALYSIS

### A. *Completion of Discovery*

As Bell notes, "summary judgment normally should not be granted before discovery is completed." *Murrell v. Bennett*, 615 F.2d 306, 310 (5th Cir. 1980) (citing *Alabama Farm Bureau Mut. Cas. Ins. Co., Inc. v. American Fidelity Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979)). Bell contends that discovery is ongoing, as he is still trying to obtain discovery of any internal affairs reports on Brister.

As we observed when Bell filed a motion to compel on that same basis, Bell provided no proof that he has sought discovery of same. Docs. 41, 42. Here he once again fails to show that he has propounded discovery in this matter on the defendant. Therefore Bell cannot raise ongoing discovery as a defense to Brister's motion, and Bell's attempt to renew his motion to compel or motion for sanctions here will not be considered.

### B. *Motion for Summary Judgment*

#### 1. *Summary judgment standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that

---

[1] Brister contends that Bell's opposition is untimely and thus should not be considered. Doc. 47, pp. 1–2. However, Bell contends that he timely mailed this pleading on November 10, 2016, and this contention is supported in his opposition. *See* doc. 45, p. 10. Therefore, under the prison mailbox rule, we accept November 10 as the date of filing.

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

## 2. Analysis

Bell brings this suit under 42 U.S.C. § 1983. Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the

conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

Here Bell alleges that Brister violated his Eighth Amendment protection against cruel and unusual punishment by using excessive force when he (Brister) allegedly 1) struck Bell in the shoulder area and 2) made contact with his testicles during searches. To support an excessive force claim, a prisoner must allege that he suffered physical injury and that this injury was more than *de minimis* or that the force used was repugnant to the conscience of mankind. *Gomez v. Chandler*, 163 F.3d 921, 923–24 (5th Cir. 1999). However, "there is no categorical requirement that this injury be significant, serious, or more than minor." *Id.*

Recent Fifth Circuit cases provide some guidance on when an injury may be considered *de minimis*. The Court refused to find that the injuries were *de minimis* in *Cowart v. Erwin*, 837 F.3d 444 (5th Cir. 2016), where the inmate suffered a ruptured eardrum, neck sprain, bruising to his face, and swelling in his right hand after an encounter with guards. Likewise, the injuries were not *de minimis* in *Johnson v. Hankins*, 582 Fed. App'x 306 (5th Cir. 2014) (unpublished). There the inmate was beaten until he fell to the floor and thus suffered bruising over his body and aggravation of a preexisting leg injury, which caused him to limp after the attack. However, the Court held as *de minimis* the bruising an inmate sustained and the pain he suffered for three days when a guard twisted his ear in *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Also *de minimis*, by this court's standards, was the scrape sustained by the plaintiff in *Phillips v. Cobb* when he was pushed while wearing leg irons. 2016 WL 2726630 (W.D. La. Apr. 4, 2016); *report and recommendation adopted*, 2016 WL 2643034 (W.D. La. May 6, 2016).

We analyze both incidents under this standard.

### a.  Shoulder strike

We first address Brister's claim that the strike, if it occurred, does not rise to the level of cruel and unusual punishment. It is evident that the encounter does not amount to a use of force repugnant to the conscience of mankind as Bell only alleges a single, brief encounter in which he was called "stupid" and struck once with Brister's fist. Thus the only issue on this claim is whether Bell's injuries were more than *de minimis*.

Bell alleges that this incident caused him significant pain and impairment in his left shoulder. However, as Brister notes, Bell had complained of injuring that same shoulder in a work accident six months before the encounter with Brister. Doc. 38, att. 3, pp. 2–10. He repeatedly sought treatment from prison medical services between April and July 2012, though no sign of injury beyond Bell's own reports of pain was ever recorded. *Id.* When Bell sought medical attention for the injury allegedly inflicted by Brister in October of 2012 the provider once again noted no sign of injury beyond Bell's own statement. *Id.* at 11.

Bell offers nothing to show that the pain he claims was attributable to any contact from Brister rather than his earlier work-related incident, of its severity, of any treatment necessitated, or of symptoms persisting past the October 2012 injury report. Even with the evidence placed in the light most favorable to Bell, he cannot show that he suffered any injury, let alone one that was beyond *de minimis*. Therefore Brister is entitled to summary judgment on this claim.

### b.  Metal detector

From this incident Bell also alleges that he suffered pain. However, there is once again no evidence to support this claim, nor any indication that he otherwise suffered from the alleged contact. Accordingly, any injury from this encounter was *de minimis*. Nor is the contact here repugnant to the conscience of mankind, as Brister explains in his affidavit (and Bell fails to refute)

that searches of the inmates' genital areas were routine and necessary to uncover concealed weapons. *See* doc. 38, att. 4, p. 2.

To the extent Bell might be trying to raise an Eighth Amendment claim based on the "homosexual remarks" Brister allegedly uttered during these encounters, we note that allegations of cruel and unusual punishment under the Eighth Amendment from words alone have been met with significant skepticism. Conduct by a state official might be malicious and even actionable under state tort law but proving a constitutional violation for the sake of invoking § 1983 is a much higher bar. *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981), *abrogated on other grounds by Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993)). Threatening language and gestures of corrections officers against inmates have not yet met this bar.[2] *McFadden v. Lucas*, 713 F.2d 143, 146–47 (5th Cir. 1983); *see also Robertson v. Plano City of Tex.*, 70 F.3d 21, 24 (5th Cir. 1995) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973) (use of words, "no matter how violent," is not actionable under § 1983) (other internal citations omitted).

Here Bell's failure to allege the specific content of Brister's remarks renders us unable to evaluate whether they violate the Eighth Amendment. However, given the high bar set above and the fact that Bell does not allege that the language was violent or threatening, we are confident that Brister's language does not entitle Bell to relief under § 1983.

---

[2] The Fifth Circuit held that a prisoner's § 1983 claim of excessive force did not include a constitutional violation when he alleged that twenty-two corrections officers compelled him "through an intimidating show of force" to shave the beard he wore for religious reasons because the plaintiff was not actually physically assaulted. *McFadden v. Lucas*, 713 F.2d 143, 146–47 (5th Cir. 1983). Though the court in *McFadden* cited with approval several holdings from other circuits noting that "mere threatening language and gestures" by corrections officers did not amount to constitutional violations, the Fifth Circuit noted later that "[we do] not here determine whether or not some type of physical injury will in *every* instance be necessary for section 1983 liability in a use of excessive force claim." *Id.* at 146 (quoting *Coyle v. Hughes*, 436 F.Supp. 591, 593 (W.D.Okl. 1977)); *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1229 (5th Cir. 1988) (emphasis in original). However, the recognized limitations still involve cases where guns were brandished or fired or the plaintiff was restrained for an extended period of time. *E.g.*, *Petta v. Rivera*, 143 F.3d 895, 905 (5th Cir. 1998); *Coon v. Ledbetter*, 780 F.2d 1158, 1160–61 (5th Cir. 1986); *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303 (5th Cir. 1987). Meanwhile, the Fifth Circuit determined that an officer waving a gun in a plaintiff's face did not satisfy a constitutional violation based on excessive force. *Hinojosa*, 834 F.2d at 1229–31.

Finally, in his opposition to the Motion for Summary Judgment Bell portrays this incident as sexual harassment. First, we note that Bell may not change legal theories without asking this court's permission to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure. *See Flores v. Cameron Cty., Tex.*, 92 F.3d 258, 273 (5th Cir. 1996). Additionally, even if Bell were granted leave to amend, he has once again put forth nothing to counter Brister's convincing explanation that this contact was part of a routine and justifiable search of inmates.

Therefore Brister is also entitled to summary judgment under this claim.

## III.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 38] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 13 January 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE